IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CRAIG SMALLWOOD, | ) | Civ. No. 09-00497 ACK-BMK |
| JOHN DOES 1-999, | ) | |
| JANE DOES 1-999, | ) | |
| DOES ASSOCIATIONS 1-99, | ) | |
| DOE COMPANIES 1-99, | ) | |
| DOE CORPORATIONS 1-99, | ) | |
| DOE LIMITED LIABILITY | ) | |
| COMPANIES 1-99, | ) | |
| DOE LLP 1-99, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NCSOFT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

### BACKGROUND

On October 19, 2009, Pro Se Plaintiff Craig Smallwood ("Plaintiff") filed in this a Court a Complaint ("Complaint") against Defendant NCSOFT ("Defendant"). The Complaint appears to allege that Defendant, who is the creator and operator of a massively multiplayer online role-playing game known as LineageII, has (1) engaged in fraud by banning or blocking player accounts while still retaining the monthly fees for these accounts, (2) discriminated against Plaintiff by banning or blocking his account for a rules infraction, but not banning other players for the same infraction, (3) failed to respond to

his repeated complaints which has resulted in Plaintiff's poor credit rating, (4) defamed Plaintiff by accusing him of committing federal crimes,[1/] and (5) inflicted emotional distress upon Plaintiff.  Compl. Facts and Allegations ¶¶ 1-8, Prayer for Relief ¶ 3.

Although it is difficult to decipher the factual allegations from the Complaint, the Complaint is based on NCSOFT's banning of Plaintiff's LineageII account.  Plaintiff purchased LineageII and "leveled" his character up by "investing over 20,000 hours" playing the game.  Compl. at 2.  Subsuquently, Defendant banned Plaintiff's account, meaning that he could no longer access the game.  Id.  Although it is unclear why Plaintiff was banned, it appears from the Complaint that Plaintiff was "'found to have engaged in elaborate schemes to support and contribute to RMT networks', and [Plaintiff] 'engaged in conspiracy to use elaborate means to create RMT'.  (RTM = Real Money Transfers [sic])."  Id. at 4.

LineageII requires a monthly payment from players in order for players to access LineageII's online server.  Id. at 2.

---

[1/] Specifically, Plaintiff stated, "[u]nfortunately, in my particular case not only did they ban my accounts but in the process as justification for the banning they accused me of Federal crimes.  Some of these crimes would include federal trademark, patent and copy write infringements.  Also insinuated would possibly be U.S. Customs crimes of funneling money to a foreign Communist country, and possibly money laundering."  Compl. at 3-4.

Plaintiff alleges that even after his account was banned, Defendant continued to charge him a monthly payment fee. Id. Plaintiff alleges that he contacted Defendant's customer service representatives several times to fix this problem and never received satisfactory service. Id. at 3.

Plaintiff asserts that "NCSOFT and its North American affiliate are [] guilty of fraud, and fraudulent practices." Id. (emphasis added). Plaintiff does not allege the citizenship of NCSOFT's North American affiliate, but instead only states that "NCSOFT is a foreign company based in Korea." Id. at 2. Further, Plaintiff does not allege his own citizenship, nor does he indicate in the Complaint where he resides. The Plaintiff does assert damages, however, as he requests over $12,000,000 in damages. See Compl. Prayer for Relief ¶¶ 1-6.

## **LEGAL STANDARD**

In order for a claim to be properly in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Plaintiff does not assert federal question jurisdiction.

The Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on a court's own motion at any time. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360

F.3d 960, 966-67 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."); see also Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) ("Lack of subject matter jurisdiction can be raised by a court's own motion at any time, and can be raised for the first time on appeal."). "The court should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court has diversity jurisdiction in cases involving claims greater than $75,000 and that are either between citizens of different states or citizens of a state and citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332(a)(1)-(2). To show state citizenship for diversity purposes a party must (1) be a citizen of the United States, and (2) be domiciled in the state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

The party asserting diversity jurisdiction bears the burden of proof. Id. Therefore, if the plaintiff makes no allegations in the complaint respecting the citizenship of the defendant(s) or the plaintiff(s), the district court cannot properly exercise diversity jurisdiction over the claim. Rilling v. Burlington N. R.R. Co., 909 F.2d 399, 400 (9th Cir. 1990) (holding that there was no diversity jurisdiction where the plaintiff made no allegations with respect to the citizenship of

the defendant).  While the party asserting diversity jurisdiction is merely required to allege (not to prove) diversity at the pleading stage, it is nonetheless required to affirmatively allege the citizenship of the relevant parties, and failure to do so can be fatal to an assertion of diversity jurisdiction. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) ("[F]ailure to specify state citizenship [is] fatal to [an] assertion of diversity jurisdiction.").  When a court dismisses a claim for failure to properly allege diversity jurisdiction, leave to amend should be granted unless doing so would be futile. <u>See</u> Fed. R. Civ. P. 15(a)(2); <u>see also</u> <u>Jacobs v. Patent Enforcement Fund, Inc.</u>, 230 F.3d 565, 567-68 (9th Cir. 2000).

## **DISCUSSION**

Upon review of the Complaint, the Court finds that subject matter jurisdiction has not been properly asserted.  The Plaintiff does not allege his own citizenship, which is required in order to invoke diversity jurisdiction.  <u>See</u> <u>Rilling</u>, 909 F.2d at 400.  Further, although Plaintiff asserts that Defendant is a foreign company, Plaintiff has asserted that both NCSOFT and its North American affiliate have committed fraud.  Compl. at 3. Nowhere in the Complaint does Plaintiff allege the citizenship of NCSOFT's North American affiliate.  Because Plaintiff has failed to allege his own citizenship or the citizenship of NCSOFT's

North American affiliate, jurisdiction cannot be based on diversity.

The Court recognizes, moreover, that Plaintiff has not alleged any federal causes of action.  Accordingly, federal subject matter jurisdiction is unavailable to Plaintiff.  Finally, because it is possible that diversity jurisdiction exists in this matter, the Court will grant Plaintiff leave to file an amended complaint within twenty (20) days from the date of this Order.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice.

Plaintiff will be granted twenty (20) days from the date this Order is filed to file an amended complaint which will meet the jurisdictional requirements of this Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, October 29, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Craig Smallwood v. NCSOFT, Civ. No. 09-00497 ACK-BMK: Order Dismissing Plaintiff's Complaint with Leave to Amend.