IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CRAIG SMALLWOOD,                      ) Civ. No. 09-00497 ACK-BMK
JOHN DOES 1-999,                      )
JANE DOES 1-999,                      )
DOES ASSOCIATIONS 1-99,               )
DOE COMPANIES 1-99,                   )
DOE CORPORATIONS 1-99,                )
DOE LIMITED LIABILITY                 )
COMPANIES 1-99,                       )
DOE LLP 1-99,                         )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )
                                      )
NCSOFT,                               )
                                      )
          Defendant.                  )
_____  )


**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND**

**BACKGROUND**[1]

          On October 19, 2009, pro se Plaintiff Craig Smallwood

("Plaintiff") filed a Complaint ("Complaint") against NCSOFT

("Defendants").  Although Plaintiff named only "NCSOFT" in his

caption, two NCsoft entities have appeared in this action,

Defendants NC Interactive Inc. and NCsoft Corporation.

_____

          [1] The facts as recited in this Order are for the purpose of
disposing of this motion and are not to be construed as findings
of fact that the parties may rely on in future proceedings in
this case.

On October 29, 2009, this Court sua sponte dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. Order Dismissing Plaintiff's Complaint With Leave to Amend, dated Oct. 29, 2009 ("10/29/09 Order").  The Court held that diversity jurisdiction had not been properly alleged because Plaintiff had failed to allege his own citizenship and the citizenship of NCsoft's North America affiliate.  Order at 5-6.  The Court granted Plaintiff twenty (20) days from the date the Order was filed to file an amended complaint that would meet the jurisdictional requirements.

Plaintiff filed an amended complaint on November 13, 2009 ("Amended Complaint").  The Amended Complaint appears to be the same as the Complaint, but for the addition of a paragraph at the beginning asserting citizenship.  Plaintiff asserts that he is a citizen of the United States, a resident of Hawai'i, and is domiciled within the jurisdiction of the Court.  Am. Compl. at 2. Plaintiff further asserts that NCsoft is a Korean based company, with North American affiliates.[2]  Id.  Plaintiff asserts "NCSOFT's North American affiliates are not within the State of

---

[2] The Court notes that Plaintiff alternates between referring to a singular North American affiliate and multiple North American affiliates.  See Am. Compl. at 2.  Defendants appear to believe that the North American affiliate referred to by Plaintiff is NC Interactive, Inc, which has appeared in this lawsuit.  The Court instructs Plaintiff to clarify which affiliate or affiliates he intends to sue in his Second Amended Complaint and to clarify whether he intends to sue more than one "North American affiliate."

Hawaii.  To be exact, NCSOFT North American headquarters is located in the State of Texas." Id.

Defendants assert that Defendant NC Interactive, Inc. ("NCI") is a company that offers licenses for several role-playing internet interactive games to players located in the United States, and which entered into the license agreement(s) at issue with Plaintiff.  Mot. to Dismiss at 2-3.  Defendants assert that NCI is a wholly-owned subsidiary of NCsoft Corporation, a South Korean corporation.  Id.

The remainder of the Amended Complaint is the same as the Complaint.  Plaintiff appears to allege that Defendants, who are the creators and operators of a massively multiplayer online role-playing game known as LineageII, have (1) engaged in fraud by banning or blocking player accounts while still retaining the monthly fees for these accounts, (2) discriminated against Plaintiff by banning or blocking his account for a rules infraction, but not banning other players for the same infraction, (3) failed to respond to his repeated complaints, (4) defamed Plaintiff by accusing him of committing federal crimes,[3/]

_____

[3/] Specifically, Plaintiff stated, "[u]nfortunately, in my particular case not only did they ban my accounts but in the process as justification for the banning they accused me of Federal crimes.  Some of these crimes would include federal trademark, patent and copy write [sic] infringements.  Also insinuated would possibly be U.S. Customs crimes of funneling money to a foreign Communist country, and possibly money laundering."  Am. Compl. at 4.

3

and (5) inflicted emotional distress upon Plaintiff.  Am. Compl. Facts and Alleg. ¶¶ 1-8, Prayer for Relief ¶ 3.

Although it is difficult to decipher the factual allegations from the Amended Complaint,[4/] the Amended Complaint is based on NCsoft's banning of Plaintiff's LineageII account. Plaintiff purchased LineageII and "leveled" his character up by "investing over 20,000 hours" playing the game.  Am. Compl. at 2. Subsequently, Defendants banned Plaintiff's account, meaning that he could no longer access the game.  Id. at 4.  Although it is unclear why Plaintiff was banned, it appears from the Amended Complaint that Plaintiff was "'found to have engaged in elaborate schemes to support and contribute to RMT networks', and [Plaintiff] 'engaged in conspiracy to use elaborate means to create RMT'.  (RTM [sic] = Real Money Transfers)."  Id.

LineageII requires a monthly payment from players in order for players to access LineageII's online server.  Id. at 2. Plaintiff alleges that even after his account was banned, Defendant continued to charge him a monthly payment fee.  Id. at 3.  Plaintiff alleges that he contacted Defendants' customer service representatives several times to fix this problem and never received satisfactory service.  Id. at 3-4.

Plaintiff asserts that "NCSOFT and its North American

---

[4/]Despite making this same observation in its 10/29/09 Order dismissing the Complaint, Plaintiff did not make any attempt to clarify the factual bases of his claims in the Amended Complaint.

affiliate are [] guilty of fraud, and fraudulent practices." Id.
at 2 (emphasis added).  The Plaintiff requests over $12,000,000
in punitive damages.[5/]  See Am. Compl. Prayer for Relief ¶¶ 1-6.

On November 23, 2009, Defendants NCI and NCsoft Corp.
filed a motion to dismiss the Amended Complaint.  On February 1,
2010, Plaintiff filed a memorandum in opposition to Defendants'
motion to dismiss.  On February 8, 2010, Defendants filed a reply
to Plaintiff's opposition.  A hearing on the motion to dismiss
was held on February 22, 2010.

## LEGAL STANDARD

### I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A court's subject matter jurisdiction may be challenged
under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").
"A party invoking the federal court's jurisdiction has the burden
of proving the actual existence of subject matter jurisdiction."
See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of
subject matter jurisdiction, the court is not "restricted to the
face of the pleadings, but may review any evidence, such as
affidavits and testimony, to resolve factual disputes concerning

---

[5/]  In the 10/29/09 Order, in describing the background, this
Court observed "[t]he Plaintiff does assert damages, however, as
he requests over $12,000,000 in damages."  Order at 3.  The Court
did not intend and does not construe this to be a ruling on the
amount in controversy requirement, which Defendants now
challenge.

the existence of jurisdiction." McCarthy v. United States, 850
F.2d 558, 560 (9th Cir. 1988).  "Once the moving party [converts]
the motion to dismiss into a factual motion by presenting
affidavits or other evidence properly brought before the court,
the party opposing the motion must furnish affidavits or other
evidence necessary to satisfy its burden of establishing subject
matter jurisdiction." Savage v. Glendale Union High Sch., 343
F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present
evidence outside his pleadings in opposition to a motion to
dismiss for lack of subject matter jurisdiction is the same as
that required under Rule 56(e) that the nonmoving party to a
motion for summary judgment must set forth specific facts, beyond
his pleadings, to show that a genuine issue of material fact
exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813
F.2d 1553, 1559 (9th Cir. 1987).  When ruling on a jurisdictional
motion involving factual issues which also go to the merits, the
moving party "should prevail only if the material jurisdictional
facts are not in dispute and the moving party is entitled to
prevail as a matter of law." Casumpang v. Int'l Longshoremen's &
Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001)

The Court has diversity jurisdiction in cases involving
claims greater than $75,000 and that are either between citizens
of different states or citizens of a state and citizens or

subjects of a foreign state pursuant to 28 U.S.C. § 1332(a)(1)-(2).  To show state citizenship for diversity purposes a party must (1) be a citizen of the United States, and (2) be domiciled in the state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Generally, the amount in controversy is determined from the face of the pleadings.  The sum claimed by the plaintiff controls so long as the claim is made in good faith.  Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted).  "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"  Id. (quoting Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997)). "[A] defendant may secure a dismissal on the ground that it appears to a legal certainty that the claim is really for less than the jurisdictional amount when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction."  Id. (citing Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986)).  The Ninth Circuit stated that such "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement."  Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir.1986).  "Only three situations clearly meet the legal

7

certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Id., 802 F.2d at 363.

The party asserting diversity jurisdiction bears the burden of proof. Id. When a court dismisses a claim for failure to properly allege diversity jurisdiction, leave to amend should be granted unless doing so would be futile. See Fed. R. Civ. P. 15(a)(2); see also Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 567-68 (9th Cir. 2000).

## II.  Motion to Dismiss for Failure to Plead Fraud with Particularity

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc). Rule 9(b) requires the pleading to provide an "account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v.

8

KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)(internal quotations omitted).  "Averments of fraud must be accompanied by the who, what, when where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs may not simply plead neutral facts to identify the transaction, but rather, the plaintiffs must also set forth what is false or misleading about a statement, and why it is false. See GlenFed, 42 F.3d at 1548.

A motion to dismiss a claim grounded in fraud for failure to plead with particularly under Rule 9(b) is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Vess, 317 F.3d at 1107.  Thus, "[a]s with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice.  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Id.

III.  **Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Courts may also "consider certain materials—documents

attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. See Sprewell, 266 F.3d at 988; Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000); In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

As the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather

10

whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.), cert. denied, 441 U.S. 965 (1979). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. Id.

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 570.

IV.  **Special Considerations for a Pro Se Litigant**

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner,

404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358,
362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th
Cir. 1987).   When a plaintiff proceeds pro se and technically
violates a rule, the court should act with leniency toward the
pro se litigant.   Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.
1986); Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966).
However, "a pro se litigant is not excused from knowing the most
basic pleading requirements."   American Ass'n of Naturopathic
Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000)
(citations omitted).

        Before a district court may dismiss a pro se complaint
for failure to state a claim upon which relief can be granted,
the court must provide the pro se litigant with notice of the
deficiencies of the complaint and an opportunity to amend it if
the deficiencies can be cured, prior to dismissal.   Ferdik v.
Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d
at 1136.   However, the court may deny leave to amend where
amendment would be futile.   Flowers v. First Hawaiian Bank, 295
F.3d 966, 976 (9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc.
v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir.
1990) (per curiam)); Eldridge, 832 F.2d at 1135-36. Similarly,
"when the district court transforms a motion to dismiss into a
motion for summary judgment, it must inform a plaintiff who is
proceeding pro se that it is considering more than the pleadings

and must afford a reasonable opportunity to present all pertinent material."  Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

### I.  Subject Matter Jurisdiction

Defendants move to dismiss the complaint under Rule 12(b)(1) arguing that Plaintiff has not established this Court's jurisdiction.  In particular, Defendants assert that Plaintiff's claim for $12,000,000 in damages is inadequate because it does not include a request for any compensatory damages.  Mot. to Dismiss at 7.  Defendants also argue that even if compensatory damages were alleged, Plaintiff could not meet the jurisdictional requirement.  Id.  Defendants additionally argue that the claim for $12,000,000 in punitive damages has "every appearance of being manufactured solely for the purpose of invoking diversity jurisdiction."  Id.

Generally, the amount in controversy is determined from the face of the pleadings.  The sum claimed by the plaintiff controls so long as the claim is made in good faith.  Crum v. Circus Circus. Enters., 231 F.3d 1129, 1131 (9th Cir. 2000).  To justify a dismissal on the basis of failure to adequately plead the amount in controversy, it must appear to a legal certainty that plaintiff's claims are really for less than the jurisdictional amount.  Crum, 231 F.2d at 1131.  "Only three

situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Pachinger, 802 F.2d at 363. Defendants have not asserted that there is any contract which limits Plaintiff's recovery here, thus the first factor is not applicable. Similarly, Defendants do not provide any evidence or independent facts that tend to show Plaintiff's damages claims were not made in good faith or were made solely to obtain federal court jurisdiction.[6] Thus, the Court now turns to whether a specific rule of law or measure of damages limits the amount of damages recoverable.

Defendants argue that Plaintiff has only alleged punitive damages and when punitive damages make up the bulk of Plaintiff's damages claims such claims should be scrutinized closely. Mot. to Dismiss at 6 (citing Anthony v. Sec. Pac. Fin. Serv. Inc., 75 F.3d 311, 315 (7th Cir. 1996)). However, although

---

[6] Indeed, the Court notes that Plaintiff has pursued another action (or actions) in state court. See Smallwood v. City and County of Honolulu, 118 Hawai'i 139, 185 P.3d 887, (App. 2008); Smallwood v. Haseko (EWA), Inc., No. 29650, 2009 WL 1717366 (Haw. App., June 18, 2009); but see Smallwood v. U.S. Army Corp. of Engineers, No. Cv. 08-00512 DAE-KSC, 2009 WL 196228 (D. Haw., Jan 26, 2009). It does not appear that the Court is faced with a party who is constantly trying to get into federal court by manufacturing jurisdiction.

Plaintiff alleges only punitive damages in the Amended Complaint, in his Opposition, he clarifies that he meant to include compensatory damages as well.  Opp. at 4.  Plaintiff's Opposition further asserts that he "now states clearly and for the record that Defendants claim is untrue and that the plaintiff has well over $75,000 in damages not including pain and suffering or punitive amounts."  Opp. at 4.

As described earlier, on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not restricted to the face of the pleadings.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction"); see also Fernandez v. McDaniel Controls, Inc., 999 F. Supp. 1365, 1367 (D. Haw. 1998) ("in his memorandum in opposition, Plaintiff has not presented any facts or evidence . . . which would be sufficient to support the exercise of general jurisdiction"); Hoffelich v. U.S., No. 08-00550 DAE-KSC, 2009 WL 1320917, at *5 (D. Haw., May 6, 2009) (noting "that Plaintiff has filed numerous oppositions and motions noted herein in which he attempts to establish this Court's jurisdiction.  Despite these filings, Plaintiff has not presented the Court with any evidence of a waiver of sovereign immunity . . .").

Plaintiff's Opposition alleges:

> because of the harm inflicted, Plaintiff required 3
> weeks of hospitalization and now attends medical
> treatment and therapy for several hours a minimum of 3
> times a week.  Additionally, it has been estimated that
> this therapy would necessitate continuous treatments
> for an unknown length of time, but at least several
> years.  Some of these treatments will not be covered by
> Plaintiff's medical insurance and Plaintiff will have
> to bear the total cost of some treatments.  Plaintiff's
> expense on fuel going to and from his medical
> appointments alone will be in excess of $5,000.

Opp. at 5.  Because Plaintiff has personal knowledge of these

facts, he could submit an affidavit setting forth these facts,

which would thus provide evidence for his claim of jurisdiction.

As he is a pro se Plaintiff, and the Courts construe pro se

pleadings liberally, the Court will consider the facts alleged in

the Opposition.  See Zabinofsky v. United States, No. Cv-s-

1252PMP(RJJ), 1995 WL 545305 (D. Nev., May 17, 1995) ("as

Plaintiff appears before this Court pro se, the Court will treat

Plaintiff's assertion of fact within his Opposition as if they

were averred to in an affidavit.").  These asserted facts are

sufficient to establish jurisdiction.  The Court cannot conclude

Plaintiff's damages are limited to below $75,000 wit legal

certainty.[7]

---

[7] Because the Court concludes that Plaintiff individually
meets the amount in controversy requirement, and because
Plaintiff asserts that he is not attempting to bring a claim on
behalf of any other parties, the Court need not address
Defendants' arguments that the amount in controversy requirement
cannot be met by aggregating Plaintiff's alleged damages with
others and that Plaintiff cannot bring claims on behalf of others
(continued...)

Defendants conflate the jurisdictional and Rule 12(b)(6) analyses in their reply brief arguing:

> If Plaintiff could somehow tie his alleged hospitalization and ongoing medical treatments to being properly banned from playing Defendants' online video games, he has failed to provide such a plausible explanation in his brief.  It stretches the imagination, even when construing Plaintiff's FAC in the light most favorable to him, that Plaintiff's inability to play an online video game led to such damages as having been hospitalized for three weeks.

Reply at 6.  At this jurisdictional stage, however, the Court cannot say that Plaintiff is not entitled to recover these damages with legal certainty.

As the Court concludes Plaintiff has satisfied the amount in controversy requirement based upon compensatory damages measured by his medical expenses, the punitive damages claim is not necessary to establish jurisdiction.[8]  However, the Court

---

[7]/(...continued)
as a non-lawyer pro se plaintiff.  See Mot. to Dismiss at 1-2, 9-11.

[8]/ Furthermore, even if jurisdiction were primarily based on punitive damages, the cases Defendants cite are inapposite. Defendants rely extensively on Rasidescu v. Midland Credit Management, Inc., 435 F. Supp. 2d 1090 (S.D. Cal. 2006).  See Mot. to Dismiss at 6-7.  Rasidescu is a non-binding Southern District of California case in which the plaintiff brought a lawsuit alleging defendants had destroyed plaintiff's credit history and credit rating.  Id. at 1093.  Plaintiff there requested damages alleging that he would not for the next 20 years be able to participate in numerous activities.  The court first concluded that his damages claims were too speculative because they depended on the uncertain actions of third parties or the happening of an unlikely event that had not yet occurred. Id. at 1096-97.  The Rasidescu court further concluded that "the punitive damages award sought 'appears to have been made in bad
(continued...)

directs Plaintiff to be specific in his second amended complaint regarding his damages claims.  Plaintiff should separate his punitive damages request from his compensatory damages request. Plaintiff should specify the amount of compensatory damages he is claiming and the bases for those damages.  The Court urges Plaintiff to obtain counsel to assist him in drafting a complaint which adequately states jurisdiction and his claims.  A list of attorneys who offer pro bono services is attached to this Order.

## II.  Failure to State A Claim

### A.  Failure to Plead Fraud with Particularity

A party alleging fraud must allege the following elements: (1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their

---

[8/](...continued)
faith' for the purpose of manufacturing jurisdiction." Rasidescu, 435 F. Supp 2d at 1098.  The court also concluded that the complaint lacked any allegations of willful, malicious or intentional actions by defendants.  In contrast, here, the Court finds Plaintiff has adequately alleged damages he has already suffered and further that there is no basis to believe Plaintiff's damages claims have been made solely to establish federal jurisdiction.
    Defendants also cite additional cases in support of their argument that Plaintiff's punitive damages claims are too speculative.  See Mot. to Dismiss at 8. (citing Russell v. Access Securepak, Inc., No. civ s-07-0373 RRB GGH PS, 2007 WL 4170756, *2 (E.D. Cal., Nov. 20, 2007); Haisch v. Allstate Insurance Co., 942 F. Supp. 1245, 1249 (D. Ariz. 1996); Chanouzas v. U.S. Bank Nat. Ass'n, No. Cv. 09-469 PK, 2009 WL 3734101, *4 (D. Or., Nov. 3, 2009); Martinez v. Kirk xpedx, No. C03-3106 VRW, 2003 WL 21715875 (N.D.Cal., July 15, 2003).  The Court notes that all of these cases are factually distinguishable and many of them involved motions to remand in which defendants were often seeking to remove the case in spite of the lower amounts of damages claimed in Plaintiffs' complaints in state court.

truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them. Shoppe v. Gucci America, Inc., 94 Hawaiʻi 368, 386, 14 P.3d 1049, 1067 (2000). In addition, Rule 9(b) requires allegations of fraud to be pled with particularity such that the pleading provides an "account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. See Schwartx v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff's generalized allegations of fraud do not meet the particularity requirements of Rule 9(b). Plaintiff here has not pled any of the elements with required specificity. Plaintiff has not established any misrepresentations whatsoever. The only allegations that Plaintiff makes are broad conclusory allegations. He asserts "NCSOFT has a well established pattern of knowingly terminating accounts while continuing to take payment for said accounts." Am. Compl. Facts & Alleg. ¶ 1. Plaintiff also asserts that "NCSOFT has a well established pattern and knowingly refused to refund monies and payments received on terminated accounts for which they fully and knowingly intend to not provide services." Id. at ¶ 2. Plaintiff has simply provided no supporting factual assertions for his claim of fraud. He does not establish, who made any misrepresentations, how he relied on those misrepresentations, or when the misrepresentations were made. See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (the

19

pleading much provide an "account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations"); <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.").

Additionally, the Court considers the arguments made in Plaintiff's Opposition to determine whether Plaintiff may be able to amend his Amended Complaint to state a claim with the requisite particularity.  However, even those arguments are insufficient.  Plaintiff continues to make broad generalized allegations and does not plead the alleged fraud with the specificity required by Rule 9(b).  Plaintiff asserts "[t]he specific act occurred when the Defendants banned the Plaintiff's account and refused to refund monies." Opp. at 7.  This, however, does not establish any fraud, but merely a dispute over whether Plaintiff is entitled to a refund.  Similarly, the Plaintiff admits that he does not know when the "acts" occurred and can only say that they occurred "at his home via the internet," which is insufficient.  <u>Id.</u>  Finally, Plaintiff argues that he has "further clarified the nature of the misleading statements and misrepresentations with the quoted e-mails falsely accusing the Plaintiff of committing federal crimes." <u>Id.</u>  It is unclear how such an e-mail could be a misleading statement or misrepresentation that Plaintiff relied upon.  In sum, Plaintiff

20

has not provided the requisite, who, what, when, and how
necessary to establish a sufficient fraud claim and provide
defendants with adequate notice.  Plaintiff is directed to amend
his complaint with these elements and the particularity
requirement in mind.  Plaintiff must specify what statements he
alleges were misleading, when they were made, and that he relied
on them.  The Court again urges Plaintiff to obtain counsel to
aid Plaintiff in drafting a competent complaint.

**B.   Failure to State a Claim Under Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, "factual
allegations must be enough to raise a right to relief above the
speculative level" and dismissal is appropriate if the facts
alleged do not state a claim that is "plausible on its face."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).
Plaintiff's claims for intentional infliction of emotional
distress and defamation fail to meet this standard.

1.   Intentional Infliction of Emotional Distress

In order to prove the tort of intentional infliction of
emotion distress under Hawai'i law, Plaintiff must show: (1) the
act that caused the harm was intentional or reckless; (2) the act
was outrageous; and (3) the act caused extreme emotional distress
to another.  Young v. Allstate Ins. Co., 119 Hawai'i 403, 429,
198 P.3d 666, 692 (2008).  The Supreme Court of Hawai'i has held
that the tort of intentional infliction of emotional distress
"requires conduct exceeding all bounds usually tolerated by

21

decent society and which is of a nature especially calculated to cause, and does cause, mental distress of a very serious kind." Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 106, 73 P.3d 46, 60 (2003) (citing Tibke v. McDougall, 479 N.W.2d 898, 907 (S.D. 1992)).  An outrageous act is one such that upon reading Plaintiff's complaint "average members of our community might indeed exclaim, 'Outrageous.'"  See Young, 119 Hawai'i at 429-30, 198 P.3d 692-93.

Plaintiff's complaint does not demonstrate that he has suffered from extreme emotional distress.  The Amended Complaint alleges only that "NCSOFT has unknowingly because of Plaintiff's past history and existing medical conditions; NCSOFT has inflicted grievous emotional distress and harm"  Am. Compl. Prayer for Relief ¶ 3.  Plaintiff does not provide any factual support to back up the generalized assertion of grievous emotional distress.  Thus, Plaintiff has not pled this element. However, examining Plaintiff's Opposition, Plaintiff does allege some facts that might support a finding of extreme emotional distress.[9/] Plaintiff alleges that he:

---

[9/] A deficient complaint cannot be remedied by an opposition to a motion to dismiss.  See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.")  However, because the Plaintiff is proceeding pro se, and a pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel, the Court may consider allegations in the Opposition in order to
(continued...)

> required 3 weeks of hospitalization and now attends
> medical treatment and therapy for several hours a
> minimum of 3 times a week.  Additionally, it has been
> estimated that this therapy would necessitate
> continuous treatments for an unknown length of time,
> but at least several years.  Some of those these
> treatments will not be covered by Plaintiff's medical
> insurance and Plaintiff will have to bear the total
> cost of some treatments.

Opp. at 5.  Thus, Plaintiff may be able to amend his complaint to

allege this element.  The Court directs Plaintiff to consider the

elements of intentional infliction of emotional distress

discussed above and to amend his complaint to provide adequate

factual detail that alleges each element.  Specifically,

Plaintiff should detail the behavior he asserts was outrageous

and the harm that resulted from that behavior.

    2.  <u>Negligent Infliction of Emotional Distress ("NIED")</u>

    The Hawai'i Supreme Court has determined that

> a plaintiff may recover for [NIED], absent any physical
> manifestation of his or her psychological injury or
> actual physical presence within a zone of danger, where
> a reasonable person, normally constituted, would be
> unable to adequately cope with the mental stress
> engendered by the circumstances of the case.... Thus,
> an NIED claim is nothing more than a negligence claim
> in which the alleged actual injury is wholly psychic
> and is analyzed utilizing ordinary negligence
> principles.

---

[9]/(...continued)
determine whether the Plaintiff may be able to amend his
complaint to state a claim.  <u>See</u> <u>Haines v. Kerner,</u> 404 U.S. 519,
520-21 (1972) (holding a pro se litigant's pleadings must be read
more liberally than pleadings drafted by counsel); <u>Ferdik v.</u>
<u>Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (requiring that a
pro se litigant be provided notice of the deficiencies of the
complaint and an opportunity to amend it if the deficiencies can
be cured.).

Kaho'ohanohano v. Dep't of Human Serv., 117 Hawai'i 262, 306-07,
178 P.3d 538, 582-83 (2008) (citing Doe Parents No. 1 v. Dept. of
Educ., 100 Hawai'i 34, 69, 58 P.3d 545, 580 (2002)) (alteration
in original).  Alternatively expressed, the Plaintiff must
establish, (1) that the defendant engaged in negligent conduct;
(2) that the plaintiff suffered serious emotional distress; and,
(3) that such negligent conduct of the defendant was a legal
cause of the serious emotional distress.  Tran v. State Farm Mut.
Auto. Ins. Co., 999 F. Supp 1369, 1375 (D. Haw. 1998).  Thus,
in the event Plaintiff feels he has a claim for negligent
infliction of emotional distress, he must plead facts that show a
reasonable person in NCsoft's position would have foreseen that
someone in Plaintiff's position would suffer serious mental
distress because of their actions.  Plaintiff must also specify
the actions that he alleges caused the serious mental distress
and the serious mental distress that he experienced.

    3.   Defamation

    To prove defamation under Hawai'i law, Plaintiff must
establish four elements: (1) a false and defamatory statement
concerning another; (2) an unprivileged publication to a third
party; (3) fault amounting to at least negligence on the part of
the publisher (actual malice where the plaintiff is a public
figure); and (4) either actionability of the statement
irrespective of special harm, or the existence of special harm

24

caused by the publication.  <u>Wilson v. Freitas</u>, 121 Hawai'i 120, 128, 214 P.3d 1110, 1118 (App. 2009).  If Plaintiff does not establish actual malice, he may only be compensated for actual injury, "including 'out of pocket loss,' as well as 'impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.'"  <u>Kohn v. West Hawaii Today, Inc.</u>, 65 Haw. 584, 587, 656 P.2d 79, 81 (1982) (citing <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 349-50 (1974).  Similarly, the Restatement 2d of Torts explains "[o]ne who is liable for a defamatory communication is liable for the proved, actual harm caused to the reputation of the person defamed."  Restatement (Second) of Torts § 621 (1977).

Plaintiff has alleged that NCsoft made the false allegation that he was "'found to have engaged in elaborate schemes to support and contribute to RMT networks,' and 'engaged in conspiracy to use elaborate means to create RMT' (RTM [sic] = Real Money Transfers)."  Am. Compl. at 4.  Although the import of this language is not entirely clear, liberally construing this allegation and Plaintiff's allegations that "they accused me of Federal crimes" (<u>id.</u> at 4), Plaintiff has pled a defamatory statement.

Plaintiff has not, however, pled any of the other elements required to establish defamation.  Plaintiff has not alleged any unprivileged publication to any third parties, he has not pled the publisher was negligent, and he has not pled any

harm caused by the alleged defamatory statement.  Not only does Plaintiff not allege publication, but he also alleges facts that tend to show there was no publication.  In his Opposition, Plaintiff explains that he was told by NCsoft that "they were not planning to prosecute."  Opp. at 3.  Although, Plaintiff interpreted this comment as a veiled threat, the Court considers such a statement to imply that NCsoft had not and did not intend to communicate the alleged defamatory statements to anyone.  See Opp. at 3.  Plaintiff does assert that "[t]hese statements were placed in writing and sent to other individuals via e-mail." Opp. at 8.  This bare assertion, even were it properly pled, however, is not adequate to establish publication or that the publisher was negligent.  Additionally, the Court rejects Plaintiff's argument that his contention "[t]herefore I could not allow NCSOFT to create a condition where I must suffer under the possibility of imprisonment and false accusations" "may not be ideal" but meets the minimum requirements to state a claim.  Opp. at 8.  Plaintiff is required to plead each of the elements necessary to state a claim, and this broad conclusory assertion is not sufficient.  Plaintiff is directed to amend his complaint to allege facts supporting each element of the cause of defamation.  Specifically, Plaintiff is directed to plead facts which tend to show publication, negligence, and damages. Plaintiff must show that the allegedly false accusations of illegal crimes were publicized to third parties.  Plaintiff must

also show that Defendant was negligent, i.e. Defendant did not act as a reasonable person in the circumstances would have, and that Plaintiff suffered harm because of the alleged defamation.

## III.  Alleged Conflict of Interest

Plaintiff asserts an alleged conflict of interest because he had once approached one of Defendants' attorneys to request representation on another case—the same case which Defendants' cite in their Motion to Dismiss.  Defendants interpret this argument as a request for the disqualification of counsel, thus the Court will analyze it under that framework.

Plaintiff has not established that any attorney-client relationship was formed.  "An attorney-client relationship is contractual and consensual, and such a relationship can only be formed with the consent of the attorney and individual seeking representation." McDevitt v. Guenther, 522 F.Supp.2d 1272, 1281 (D. Haw. 2007) (quoting Boskoff v. Yano, 57 F.Supp.2d 994, 998 (D. Haw. 1998)).  Here, Plaintiff claims only that he "approached Ms. Bronster and sought her representation, detailing the case at length; unfortunately her response was that she was too busy with her current case and therefore would not be able to represent Plaintiff." Opp. at 3.  Therefore, by Plaintiff's own admission, no attorney-client relationship was formed.  Ms. Bronster also submitted an affidavit confirming that she does not recall meeting Plaintiff, she did not provide any legal advice, accept any monetary compensation for legal services or otherwise consent

to the formation of an attorney client relationship.  Bronster Decl. ¶ 2.  Thus, considering both Plaintiff's allegations and Ms. Bronster's declaration, the Court concludes no attorney-client relationship was formed.

In the absence of an attorney-client relationship, the lawyer's duties of loyalty and confidentiality under Canon 4 of the Code of Professional Responsibility do not apply.  In re Johore Investment Co. (U.S.A.), Inc., 157 B.R. 671, 675 (D. Haw. 1985).  The Court additionally notes that, even where an attorney-client relationship has been formed, "disqualification may not be warranted where the 'professional relationship with [the former client] had been aborted before any significant work had been done . . . and before any discussions with the client other than the bare preliminaries of the representation were explored."  Id. (citation omitted).  Furthermore, Ms. Bronster declares, under penalty of perjury, that "[a]ll references in our initial brief regarding Plaintiff's environmental litigation was gathered from the public domain."  Bronster Decl. ¶ 3.  Based on Ms. Bronster's declaration, and the fact that a simple search of Mr. Smallwood's name could turn up these litigations, the Court concludes there was no improper use of confidential information.  Thus, the Court finds there is no conflict of interest and will not disqualify Defendants' counsel.

**IV. Dismissal With Leave to Amend**

All claims in the Amended Complaint are dismissed

without prejudice and with leave to amend.  Dismissals for failure to comply with Rule 9(b) and Rule 12(b)(6) should ordinarily be without prejudice and "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Courts may deny a proposed amendment due to (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party of the proposed amendment; and (4) futility of the proposed amendment.  Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).  The Court does not find that amendment here would be futile or that it does not appear possible for Plaintiff to correct the defects.  Furthermore, the Court is required to provide a pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend it if the deficiencies can be cured.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  This Order details the deficiencies in Plaintiff's Amended Complaint.  Should Plaintiff desire to pursue this case further, he is directed to consider the Order carefully in crafting his second amended complaint.  The Court reiterates that the assistance of counsel would likely aid Plaintiff in correcting the defects in the complaint.

## CONCLUSION

For the foregoing reasons, the Court: (1) DENIES

Defendants' Motion to Dismiss based upon Fed. R. Civ. P. 12(b)(1) lack of subject matter jurisdiction; (2) GRANTS Defendants' Motion to Dismiss on the basis of failure to plead fraud in compliance with Fed. R. Civ. P. 9(b); (3) GRANTS Defendants' Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress and Defamation claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6; and, (4) DISMISSES the Amended Complaint without prejudice and GRANTS leave to amend.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, February 26, 2010.



Alan C. Kay
Sr. United States District Judge

Smallwood v. Ncsoft, Civ No. 09-00497 ACK-BMK, Order Dismissing Plaintiff's Amended Complaint With Leave To Amend

## PRO BONO PANEL

1.    Lila Barbara Kanae, Esq.
      1860 Ala Moana Boulevard, Suite 606
      Honolulu, Hawaii 96815
      Tel. 282-4204


2.    Richard Paul McClellan, III, Esq.
      820 Mililani Street, Suite 701
      Honolulu, Hawaii 96813
      Tel. 523-0449


3.    Corey Y.S. Park, Esq.
      1001 Bishop Street, Ste. 1300
      Honolulu, Hawaii 96813
      Tel. 524-1212


4.    Eric A. Seitz, Esq.
      820 Mililani Street, Suite 714
      Honolulu, Hawaii 96813
      Tel. 533-7434


5.    Legal Aid Society of Hawaii
      1108 Nuuanu Avenue
      Honolulu, Hawaii 96813
      Tel. 536-4302


6.    Hawaii Lawyers Care
      1040 Richards Street, Suite 301
      Honolulu, Hawaii 96813
      Tel. 528-7046